**CO-OP CAB CO. v. ALLEN, Collector of Internal Revenue.**

**Civil Action No. 353.**

United States District Court
M. D. Georgia, Macon Division.

Dec. 8, 1947.

Rupert A. Brown and Erwin, Nix & Birchmore, all of Athens, Ga., for plaintiff Co-op Cab Co.

John P. Cowart, U. S. Atty., and T. Reese Watkins, Asst. U. S. Atty., both of Macon, Ga., for defendant.

DAVIS, District Judge.

This case was tried by the Court without a jury and the parties having stipulated and agreed that the plaintiff company had abandoned and stricken from its petition as originally filed any and all claims for refund of taxes, including principal, interest and penalties, which had accrued prior to and including June 30, 1943; and it being further stipulated and agreed by the parties herein that the sole issues for determination in the trial of this case are whether or not the relationship of employer and employee existed between plaintiff company and the drivers of the taxicabs, referred to in the pleadings filed herein, during the period from July 1, 1943, through December 31, 1943, inclusive; and the amount of recovery to which plaintiff may be entitled in this action, if any, for taxes paid for the period, July 1, 1943, to December 31, 1943, inclusive, under the Federal Unemployment Tax Act 26 U.S.C.A. § 1600 et seq.; I therefore make the following Findings of Fact and Conclusions of Law respectively:

### Findings of Fact

During the period from July 1, 1943, through December 31, 1943, inclusive, Co-Op Cab Company, plaintiff herein, owned no taxicabs and had no right to determine whether the drivers and operators of the taxicabs using its name should work on a day or a night shift or at any particular time. For the period in question, plaintiff herein had no right to require any cab driver to operate any particular taxicab and had no right to prescribe and determine the routes over which the drivers of the taxicabs, using its name, should operate. I further find that the taxicabs in question were not maintained and repaired by Co-Op Cab Company and that such company did not, during the period in question, pay the drivers of such taxicabs any wages or other like compensation; and that during such time it did not have the right to discipline or discharge such drivers. I further find that during the period here in question plaintiff company merely furnished the location out of which the taxicabs operated and paid the expenses of operating such location or station and provided telephone and porter services. I further find that

during the period in question all of the taxicabs involved in this action were owned by persons other than Co-Op Cab Company, the plaintiff herein, and that some of such owners were actually drivers of the cabs owned by them. I further find that during the period in question a so-called "fleet" policy of public liability insurance was carried on the taxicabs in question in the name of the Co-Op Cab Company, but that the premiums on this policy of insurance were paid on a per cab basis, directly to the insurance company by the respective owners of the taxicabs in question; and that all accident reports, required to be made to the insurance company, were made directly to it by the respective cab owners or the drivers thereof, and not Co-Op Cab Company or its representatives. I further find that during the period in question the cab owners, whether they were drivers thereof or not, bore their own responsibility with respect to the manner of operating the cabs in question, and that the drivers of such cabs were directly responsible to the owners and not to Co-Op Cab Company. I further find that during the period in question, irrespective of the amount of income from operations which may have been earned through the operation of the taxicabs in question, the owners thereof paid to Co-Op Cab Company only a specified service charge for the use of the facilities provided by the Co-Op Cab Company.

### Conclusions of Law

(1) The Court has jurisdiction of this cause, it being a suit for the recovery of taxes collected from the plaintiff on behalf of the United States by Marion H. Allen, Collector of Internal Revenue for the District of Georgia, a resident of Baldwin County, in the Middle District of Georgia.

(2) During the period from July 1, 1943, through December 31, 1943, inclusive, the relationship of employer and employee did not exist between Co-Op Cab Company, plaintiff herein, and the drivers of the taxicabs involved in this action.

During the period, July 1, 1943, through December 31, 1943, inclusive, plaintiff was not required to pay the taxes imposed upon employers by the provisions of the Federal Unemployment Tax Act, with respect to the taxicab drivers involved in this action.

(4) The plaintiff is entitled to a refund of all amounts of taxes paid by it, pursuant to the provisions of the Federal Unemployment Tax Act, for the period July 1, 1943, through December 31, 1943, inclusive, with interest thereon according to law.

(5) Let judgment in conformity with these Findings and Conclusions be submitted to the Court for execution.